IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH E. WILLIAMS, PHD,** | : | |
| Plaintiff | : | No. 1:20-CV-2165 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| **SHIPPENSBURG UNIVERSITY** | : | **Electronically Filed Document** |
| **OF PENNSYLVANIA,** | : | *Complaint Filed 11/19/20* |
| Defendant | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Shippensburg University of Pennsylvania, by and through its undersigned counsel, hereby submits this Answer and Affirmative Defenses to the Complaint in this action filed by Plaintiff Kenneth E. Williams.

1. Defendant states that paragraph 1 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in Paragraph 1 are denied.

2. Defendant states that paragraph 2 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 2 are denied.

3. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant states that paragraph 6 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 6 are denied.

7. Defendant states that paragraph 7 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 7 are denied.

8. Defendant states that paragraph 8 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 8 are denied.

9. Defendant states that paragraph 9 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 9 are denied.

10. Defendant states that paragraph 10 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 10 are denied.

11. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 11 of the Complaint.

12. Defendant states that paragraph 12 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 12 are denied.

13. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant states that insofar as paragraph 12 purports to state a legal conclusion no response is required and otherwise lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant admits the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint except admits that Plaintiff was not interviewed or hired for the Director position.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant admits the allegations in paragraph 22 of the Complaint.

23. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 23 of the Complaint.

24. Defendant admits the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint except admits that student evaluations are subjective.

26. Defendant denies the allegations in paragraph 26 of the Complaint as stated and refers to the student evaluations for their content.

27. Defendant admits the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint except admits that a hearing in front of a Board was held on Williams's age and disability discrimination complaints.

29. Defendant denies the allegations in paragraph 29 of the Complaint except admits that the Board issued a written report in June 2019 and refers to the report for its contents.

30. Defendant admits the allegations in paragraph 30 of the Complaint.

31. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint as stated.

34. Defendant denies the allegations in paragraph 34 of the Complaint and refers to the student evaluations for their contents.

35. Defendant denies the allegations in paragraph 35 of the Complaint and refers to the student evaluations for their contents.

36. Defendant denies the allegations in paragraph 35 of the Complaint and refers to the written notice dated May 31, 2019 for its contents.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant states that paragraph 38 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 38 are denied.

### WITH RESEPCT TO THE FIRST CAUSE OF ACTION
### Age Discrimination in Employment Act

39. Defendant repeats and realleges paragraph 1 through 38 as if fully set forth herein.

40. Defendant states that paragraph 40 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 40 are denied.

41. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 41 of the Complaint.

42. Defendant states that paragraph 42 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 42 are denied.

43. Defendant states that paragraph 43 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 43 are denied.

44. Defendant states that paragraph 44 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 44 are denied.

45. Defendant states that paragraph 45 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 45 are denied.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint and refers to the written notice dated May 31, 2019 for its contents.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant states that paragraph 49 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 49 are denied.

50. Defendant states that paragraph 50 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 50 are denied.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant states that paragraph 53 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 53 are denied.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant states that paragraph 55 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 55 are denied.

56. Defendant states that paragraph 56 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 56 are denied.

57. Defendant states that paragraph 57 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 57 are denied.

58. Defendant states that paragraph 58 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 58 are denied.

59. Defendant states that paragraph 59 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 59 are denied.

60. Defendant states that paragraph 60 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 60 are denied.

61. Defendant states that paragraph 61 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 61 are denied.

62. Defendant states that paragraph 62 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 62 are denied.

63. Defendant states that paragraph 63 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 63 are denied.

**WITH RESEPCT TO THE SECOND CAUSE OF ACTION**
**Americans with Disabilities Act**

64. Defendant repeats and realleges paragraph 1 through 63 as if fully set forth herein.

65. Defendant states that paragraph 65 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 65 are denied.

66. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 66 of the Complaint.

67. Defendant states that paragraph 67 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 67 are denied.

68. Defendant states that paragraph 68 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 68 are denied.

69. Defendant states that paragraph 69 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 69 are denied.

70. Defendant states that paragraph 70 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 70 are denied.

71. Defendant denies the allegations in paragraph 71 of the Complaint.

72. Defendant denies the allegations in paragraph 72 of the Complaint and refers to the written notice dated May 31, 2019 for its contents.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant states that paragraph 74 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 74 are denied.

75. Defendant states that paragraph 75 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 75 are denied.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant states that paragraph 78 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 78 are denied.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

80. Defendant states that paragraph 80 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 80 are denied.

81. Defendant states that paragraph 81 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 81 are denied.

82. Defendant states that paragraph 82 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 82 are denied.

83. Defendant states that paragraph 83 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 83 are denied.

84. Defendant states that paragraph 84 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 84 are denied.

85. Defendant states that paragraph 85 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 85 are denied.

86. Defendant states that paragraph 86 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 86 are denied.

87. Defendant states that paragraph 87 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 87 are denied.

**WITH RESPECT TO THE THIRD CAUSE OF ACTION**
**Pennsylvania Human Relations Act**

88. Defendant repeats and realleges paragraph 1 through 87 as if fully set forth herein.

89. Defendant states that paragraph 89 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 89 are denied.

90. Defendant states that paragraph 90 of the Complaint purports to state a legal conclusion to which no response is required and, to the extent a response is required, the allegations in paragraph 90 are denied.

91. Defendant states that paragraph 91 of the Complaint is a prayer for relief to which no response is required and, to the extent a response is required, the allegations in paragraph 91 are denied.

## AFFIRMATIVE DEFENSES

In addition to the responses set forth above, Defendant asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant is immune from liability by virtue of absolute, qualified, official, governmental, state sovereign, Eleventh Amendment and/or any other immunity.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by an applicable statute of limitations and/or failure to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of Res Judicata, Collateral Estoppel, Issue Preclusion and/or Claim Preclusion.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged damages resulted from Plaintiff's failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

## SEVENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over this matter and the parties.

Defendant reserves the right to raise additional Affirmative Defenses, as appropriate, that become available during the pendency of this litigation.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

By: *s/ Alexander T. Korn*
ALEXANDER T. KORN
Deputy Attorney General
Attorney ID 323957

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

akorn@attorneygeneral.gov

**Date:  January 22, 2021**

Counsel for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH E. WILLIAMS, PHD,** | : | |
| Plaintiff | : | No. 1:20-CV-2165 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| **SHIPPENSBURG UNIVERSITY** | : | **Electronically Filed Document** |
| **OF PENNSYLVANIA,** | : | *Complaint Filed 11/19/20* |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 22, 2021, I caused to be served a true and correct copy of the foregoing document titled Answer and Affirmative Defenses to the following:

## VIA ELECTRONIC FILING

**Anthony T. Bowser, Esquire**
**Solomon Z. Krevsky, Esquire**
**Krevsky Bowser, LLC**
**20 Erford Road, Suite 300a**
**Lemoyne, PA  17043**
abowser@krevskybowser.com
skrevsky@krevskybowser.com
*Counsel for Plaintiff*

                                  *s/ Alexander T. Korn*
                                  **ALEXANDER T. KORN**
                                  Deputy Attorney General