**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Kenneth E Williams, PhD, | Case No: 1:20-cv-2165 |
| Plaintiff | (Judge Kane) |
| *versus* | Jury Trial |
| Shippensburg University of Pennsylvania, | |
| Defendant | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**I.     AGE DISCRIMINATION IN EMPLOYMENT ACT**

   **A.     8.0   ADEA Introductory Instruction (Third Circuit Model Instruction)**

   In this case, Dr. Williams has made a claim under the Federal Civil Rights statute that prohibits age discrimination against an employee, if that person is 40 years of age or older. This statute is known as the Age Discrimination in Employment Act or "ADEA."

   Specifically, Dr. Williams claims that his employment was ended by Shippensburg University in retaliation for making complaints about age discrimination.

   Shippensburg University denies that Dr. Williams was discriminated against.

   I will now instruct you more fully on the issues you must address in this case.

## B. 8.1.5 Retaliation (Third Circuit Model Instruction)

Dr. Williams claims that Shippensburg University discriminated against him because he engaged in protected activity by bringing complaints of discrimination.

To prevail on this claim, Dr. Williams must prove all of the following by a preponderance of the evidence:

- First: Dr. Williams engaged in protected activity by raising concerns of age discrimination.

- Second: Dr. Williams was subjected to a materially adverse action at the time, or after, the protected conduct took place.

- Third: There was a causal connection between Dr. Williams's complaints of discrimination and the University's decision to not renew him as a professor.

Concerning the first element, Dr. Williams need not prove the merits of his complaint of discrimination, but only that he was acting under a reasonable, good faith belief that his rights under the Age Discrimination in Employment Act were violated.

Concerning the second element, the term "materially adverse" means that Dr. Williams must show that his separation of employment was serious enough

that it well might have discouraged a reasonable worker from raising concerns of age discrimination.

Concerning the third element, that of causal connection, that connection may be shown in many ways.  For example, you may or may not find that there is a sufficient connection through timing, that is the University's action followed shortly after Shippensburg University became aware of Dr. Williams's complaints. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Dr. Williams or a change in demeanor toward Dr. Williams.

Ultimately, you must decide whether Dr. Williams's protected activity had a determinative effect on his separation of employment.  "Determinative effect" means that if not for Dr. Williams's protected activity, his employment would not have been terminated.

**C.** **8.4.2. ADEA Damages — Back Pay (Third Circuit Model Instruction)**

If you find that Shippensburg University intentionally discriminated against

Dr. Williams by retaliating against Dr. Williams, then you must determine the

amount of damages that Shippensburg University's actions have caused Dr.

Williams. Dr. Williams has the burden of proving damages by a preponderance of

the evidence.

You must award as actual damages an amount that reasonably

compensates Dr. Williams  for any lost wages and benefits, taking into

consideration any increases in salary and benefits, including pension, that Dr.

Williams  would have received from Shippensburg University  had Dr. Williams

not been the subject of Shippensburg University's intentional discrimination.

Back pay damages, if any, apply from the time Dr. Williams was let go by

the University until the date of your verdict.

You must reduce any award by the amount of the expenses that Dr.

Williams would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay

figure whatever wages Dr. Williams has obtained from other employment during

this period.  However, please note that you should not deduct social security

benefits, unemployment compensation and pension benefits from an award of back pay.

You are further instructed that Dr. Williams has a duty to mitigate his damages--that is Dr. Williams is required to make reasonable efforts under the circumstances to reduce his damages.  It is Shippensburg University's burden to prove that Dr. Williams has failed to mitigate. So if Shippensburg University persuades you, by a preponderance of the evidence, that Dr. Williams failed to obtain substantially equivalent job opportunities that were reasonably available to him, you must reduce the award of damages by the amount of the wages that Dr. Williams reasonably would have earned if he had obtained those opportunities.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**D.    8.4.3.  ADEA Damages — Liquidated Damages (Third Circuit Model Instruction)**

If you find that Dr. Williams is entitled to recover damages for lost wages or benefits, then I will also ask you to decide a further question: whether Shippensburg University's conduct was willful. For purposes of your answer to that question, Dr. Williams has the burden of proving willfulness by a preponderance of the evidence.

You must find Shippensburg University's violation of the ADEA to be willful if Shippensburg University knew or showed reckless disregard for whether retaliating against Dr. Williams was prohibited by the law. To establish willfulness it is not enough to show that Shippensburg University acted negligently. If you find that Shippensburg University did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, then Shippensburg University's conduct was not willful.

**E.     8.4.4.  ADEA Damages — Front Pay (Third Circuit Model Instruction)**

You may determine and award separately a monetary amount equal to the present value of any future wages and benefits that Dr. Williams would reasonably have earned from Shippensburg University had Dr. Williams not been let go as a professor for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits Dr. Williams will receive from other employment during that time. Dr. Williams has the burden of proving these damages by a preponderance of the evidence.

You must also reduce any award to its present value by considering the interest that Dr. Williams could earn on the amount of the award if he made a relatively risk-free investment.  The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Dr. Williams if he receives it today than if it were received at the time in the future when it would have been earned.  It is more valuable because Dr. Williams can earn interest on it for the period of time between the date of the award and the date he would have earned the money.  So you should decrease the amount of any award for loss of future earnings by the amount of interest that Dr. Williams can earn on that amount in the future.

**F.    8.4.5   ADEA Damages — Nominal Damages (Third Circuit Model Instruction)**

If you return a verdict for Dr. Williams, but Dr. Williams has failed to prove actual injury and therefore is not entitled to damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no compensable injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no compensable injury occurred.

However, if you find compensable injury, you must award damages for lost wages or benefits (as I instructed you), rather than nominal damages.

## II.     AMERICANS WITH DISABILITIES ACT

### A.     9.0   ADA Employment Claims – Introductory Instruction (Third Circuit Model Instruction)

In this case the Plaintiff Dr Williams makes a claim based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with reasonable accommodation if necessary, to perform the essential functions of the job.

Dr. Williams's claim under the ADA is that he was retaliated against by Shippensburg University because he engaged in protected activity under the law.

Defendant denies Dr. Williams's claims.

As you listen to these instructions, please keep in mind that many of the terms I will use, and you will need to apply, have a special meaning under the ADA. So please remember to consider the specific definitions I give you, rather than using your own opinion of what these terms mean.

**B.    9.1.7   Retaliation (Third Circuit Model Instruction)**

Williams claims that Shippensburg University discriminated against him because of Dr. Williams's requests for accommodation and/or complaints about discrimination.

To prevail on this claim, Dr. Williams must prove all of the following by a preponderance of the evidence:

- First: Dr. Williams requested accommodations or raised concerns about disability discrimination.

- Second: Dr. Williams was subjected to a materially adverse action at the time, or after, the protected conduct took place.

- Third: There was a causal connection between the University not renewing Dr. Williams's employment and Dr. Williams's complaints.

Concerning the first element, Dr. Williams need not prove the merits of the disability discrimination, but only that Dr. Williams was acting under a reasonable, good faith belief that Dr. Williams's or someone else's right to be free from discrimination on the basis of a disability or free to request an accommodation for a disability was violated.

Concerning the second element, the term "materially adverse" means that Dr. Williams must show the termination of his employment was serious enough

that it well might have discouraged a reasonable worker from requesting accommodations or raising complaints of discrimination.

Concerning the third element, that of causal connection, that connection may be shown in many ways.  For example, you may or may not  find that there is a sufficient connection through timing, that is Shippensburg University's action followed shortly after Shippensburg University became aware of Dr. Williams requesting accommodations or raising concerns about disability discrimination. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Dr. Williams or a change in demeanor toward Dr. Williams.

Dr. Williams can recover for retaliation even if Dr. Williams did not have a "disability" within the meaning of the ADA. The question is not whether there was a "disability" but whether Shippensburg University retaliated for  Dr. Wiliams seeking reasonable accommodations or making complaints about discrimination. the [describe protected activity of plaintiff.

Ultimately, you must decide whether Dr. Williams's requests of accommodations or complaints about discrimination had a determinative effect on the University ending his employment.  "Determinative effect" means that if

not for Dr. Williams's protected activity, his non-renewal as a professor would not have occurred.

**C.**     **9.4.3     ADA Damages — Back Pay (Third Circuit Model Instruction)**

If you find that Shippensburg University has violated Dr. Williams's rights under the ADA, then you must determine the amount of damages that Shippensburg University's actions have caused Dr. Williams. Dr. Williams has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Dr. Williams  for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Dr. Williams  would have received from Shippensburg University  had Dr. Williams  not been the subject of retaliation.

**D.    9.4.4    ADA Damages – Front Pay (Third Circuit Model Instruction)**

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Dr. Williams would reasonably have earned from Shippensburg University had Dr. Williams not retaliated against him for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits Dr. Williams will receive from other employment during that time. Dr. Williams has the burden of proving these damages by a preponderance of the evidence.

You must also reduce any award to its present value by considering the interest that Dr. Williams could earn on the amount of the award if he made a relatively risk-free investment.  The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Dr. Williams if he receives it today than if it were received at the time in the future when it would have been earned.  It is more valuable because Dr. Williams can earn interest on it for the period of time between the date of the award and the date he would have earned the money.  Thus you should decrease the amount of any award for loss of future earnings by the amount of interest that  Dr. Williams can earn on that amount in the future.

**E.    9.4.5   Nominal Damages (Third Circuit Model Instruction)**

If you return a verdict for Dr. Williams, but Dr. Williams has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

Respectfully submitted,

*/s/ Anthony T Bowser*
Anthony T Bowser (ID # 204561)
KREVSKY BOWSER
20 Erford Road | Suite 300a
Lemoyne, Pa 17043
717-731-8600
abowser@krevskybowser.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on February 14, 2025, a copy of the foregoing document

was filed using the Middle District of Pennsylvania's ECF system causing a

notice of electronic filing to be served upon the following counsel of record:

Francis H Pryzbylkowski, Esquire
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
fpryzbylkowski@attorneygeneral.gov
*Counsel for Defendant*

KREVSKY BOWSER LLC

*/s/ Anthony T Bowser*