## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH E. WILLIAMS, PhD,** | : | |
| **Plaintiff** | : | **No. 1:20-cv-02165** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **SHIPPENSBURG UNIVERSITY OF** | : | |
| **PENNSYLVANIA,** | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

Presently before the Court are four (4) motions in limine—one (1) filed by Plaintiff

Kenneth E. Williams, PhD ("Plaintiff") (Doc. No. 71) and three (3) filed by Defendant

Shippensburg University of Pennsylvania ("Defendant") (Doc. Nos. 72, 74, 76)—in anticipation

of a jury trial scheduled for March 4, 2025.  Defendant consents to Plaintiff's motion in limine.

As to Defendant's first motion in limine (Doc. No. 72), Plaintiff has not responded to it, and the

time to respond has elapsed.  Defendant's second and third motions in limine (Doc. Nos. 74, 76)

are fully briefed.  For the reasons provided herein, the Court will grant Plaintiff's consent motion

in limine, Defendant's first motion in limine, and Defendant's second motion in limine, but will

deny Defendant's third motion in limine as moot.

## I.    BACKGROUND

On November 19, 2020, Plaintiff initiated the above captioned action by filing a

complaint against Defendant alleging discrimination in violation of the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 621, <u>et seq.</u>, the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101, <u>et seq.</u>, and the Pennsylvania Human Relations Act, 43 Pa. Cons.

Stat. § 951, <u>et seq.</u> ("PHRA").  (Doc. No. 1 at 1.)  In his complaint, Plaintiff alleges that in or

about August 2018, he was a fifty-six (56) year old man with a longstanding neck and shoulder

injury who was hired by Defendant as an adjunct professor and applied for the position of Director of First Generation Student Engagement and Pride Center. (Id. ¶¶ 13–14, 17, 19–20.) Plaintiff further alleges that he was neither interviewed for the position nor selected for the position of Director of the First Generation Student Engagement and Pride Center. Instead, he was passed over in favor of a candidate who was younger and without a disability. (Id. ¶¶ 20–21.) In or around September 2018, Plaintiff filed a complaint with Defendant's Office of Equity, Inclusion, and Compliance alleging age and disability discrimination. (Id. ¶ 22.) In or around May 2019, after a hearing on the issue, Defendant's Office of Equity, Inclusion, and Compliance found no probable cause for Plaintiff's allegations. (Id. ¶ 29.) Thereafter, Plaintiff's supervisor learned of the complaint and questioned Plaintiff about the complaint, treated him with animosity, critiqued his work unfairly, and scolded him about his complaint. (Id. ¶¶ 30–32.) On May 31, 2019, Defendant terminated Plaintiff, originally stating that it was due to "current student enrollment" but later changing its reasoning to poor performance reviews. (Id. ¶¶ 36–37.)

Defendant filed an answer to Plaintiff's complaint on January 22, 2021. (Doc. No. 6.) The Court held a case management conference on March 11, 2021, and set a close of fact discovery date of August 30, 2021. (Doc. No. 10.) Upon motions of the parties (Doc. Nos. 11, 13, 15, 17, 19, 21, 39, 41, 43, 45), and due to settlement discussions with a magistrate judge (Doc. Nos. 25–26), the Court extended the close of fact discovery deadline until October 13, 2023. (Doc. No. 46.) The Court conducted a post-fact discovery status conference on October 19, 2023, and set a dispositive motion deadline of November 20, 2023. (Doc. No. 48.) Defendant filed a motion for summary judgment on November 20, 2023. (Doc. No. 49.) On December 11, 2023, Plaintiff voluntarily dismissed his PHRA claim. (Doc. No. 52.) On July 18,

2024, the Court denied Defendant's motion for summary judgment and set a status conference for July 25, 2024. (Doc. No. 61.) After the July 25, 2024 status conference, the Court set a trial date of November 12, 2024. (Doc. No. 63.) However, the parties requested a referral to a magistrate judge for a settlement conference; therefore, on October 31, 2024, the Court canceled the November 12, 2024 trial date and referred the case to a magistrate judge. (Doc. Nos. 65–66.) After the settlement conference, the Court issued a new Trial Scheduling Order on December 19, 2024, scheduling this case for trial on March 4, 2025, and setting a deadline of February 4, 2025, for the filing of motions in limine. (Doc. No. 70.)

On February 4, 2025, Plaintiff filed a consent motion in limine seeking to exclude evidence of "litigation initiated by Plaintiff against prior employers, including a workers' compensation claim and a whistleblower action." (Doc. No. 71 ¶ 2.) On the same date, Defendant filed the following three motions in limine: (1) a Motion to Exclude Evidence of Emotional Harm (Doc. No. 72); (2) a Motion to Exclude Evidence of Events and Claims Which Were Not Alleged in the Complaint, specifically evidence of Plaintiff's attempt to obtain an elevator key and Plaintiff's Title VII claim that was identified in the Equal Employment Opportunity Commission ("EEOC") charge but not the complaint (Doc. No. 74); and (3) a Motion to Exclude Evidence Relating to Matters or Claims Which Were Not Administratively Exhausted, specifically evidence relating to Plaintiff's alleged attempt to obtain an elevator key (Doc. No. 76). On February 10, 2025, Plaintiff filed only two briefs in opposition to Defendant's motions in limine. (Doc. Nos. 78–79.) Plaintiff's briefs in opposition address only Defendant's Motion to Exclude Evidence of Events and Claims Which Were Not Alleged in the Complaint and Motion to Exclude Evidence Relating to Matters or Claims Which Were Not Administratively Exhausted. (Id.) Moreover, Plaintiff's briefs address only the portions of

3

Defendant's motions seeking to specifically exclude evidence of an incident where Plaintiff requested an accommodation for an elevator key (hereafter the "elevator key incident"), but do not address Defendant's other requests to generally exclude evidence not charged in the complaint and relating to matters or claims which were not administratively exhausted.  (Id.) Finally, on February 14, 2025, Defendant filed replies in response to Plaintiff's briefs in opposition.  (Doc. Nos. 86–87.)  Defendant's Motions to Exclude Evidence of Events and Claims Which Were Not Alleged in the Complaint and to Exclude Evidence Relating to Matters or Claims Which Were Not Administratively Exhausted are therefore fully briefed.  As noted, Plaintiff has not replied to Defendant's Motion to Exclude Evidence of Emotional Harm, and the time in which to do so has elapsed.  Therefore, Defendant's Motion to Exclude Evidence of Emotional Harm is deemed unopposed pursuant to Local Rule 7.6.  See L.R. 7.6.  Accordingly, the Court considers only Defendant's second and third motions, which are ripe for disposition.

## II.    DISCUSSION

### A.    Defendant's Second Motion to Exclude Evidence of Events and Claims Which Were Not Alleged in the Complaint

Defendant moves to generally exclude evidence of events and claims which were not alleged in the Plaintiff's complaint.  (Doc. No. 74.)  Specifically, Defendant seeks to exclude evidence related to (1) the elevator key incident and (2) a Title VII claim identified in Plaintiff's EEOC charge, but not included in the complaint.  (Id. at 1; Doc. No. 75 at 1.)  Defendant acknowledges that Plaintiff concurs in the exclusion of evidence related to the Title VII claim identified in his EEOC charge, but not in the complaint, and therefore Defendant's second motion in limine concerns evidence of the elevator key incident and any other evidence of events and claims which were not alleged in the complaint.  Defendant explains that, in response to his motion for summary judgment, Plaintiff asserted that he requested a disability accommodation to

4

obtain an elevator key and the process was unduly burdensome as an additional protected

activity.  (Doc. No. 75 at 8.)  Defendant argues that evidence related to Plaintiff's attempt to

obtain an elevator key and evidence not included in the complaint should be excluded because it

would be highly prejudicial for Plaintiff to "introduce new allegations of different protected

activities and adverse actions to those activities" that were not included in the complaint.  (Id. at

7.)  Defendant also argues that inclusion of the above-mentioned evidence would confuse the

jury because adding more protected activities would also make it difficult for the jury to

determine whether an adverse action was causally linked to a specific protected activity.  (Id. at

8.)  Defendant asserts that, as to evidence of the elevator key incident, Plaintiff has not amended

his complaint to include that protected activity, and Plaintiff first introduced the elevator key

incident in response to Defendant's Motion for Summary Judgment.  (Id. at 9.)  In response,

Plaintiff argues that the evidence of the elevator key incident should not be excluded from trial

because Defendant knew about the elevator key incident during discovery when it deposed

Plaintiff about the incident.  (Doc. No. 78 at 3.)  Moreover, Plaintiff asserts that Defendant's own

records mentioned the elevator key incident and that this incident is a basis for finding retaliation

against him under the ADA.  (Id. at 3–4.)

    Upon careful review of the parties' arguments and the relevant authority, the Court

concludes that evidence of the elevator key incident is not relevant because a claim based on this

incident is not included in the complaint.  Plaintiff's complaint asserts two claims: (1) retaliation

in violation of the ADEA and (2) retaliation in violation of the ADA.  (Id. ¶¶ 40–43, 65–67.)

Plaintiff's federal suit is based on an EEOC charge that alleged disparate treatment

discrimination based on his age, sex, and disability, and retaliation based on the above as well.

(Doc. No. 77-6 at 6.)  Plaintiff does not mention in either his EEOC charge or the complaint

factual allegations or claims related to an incident where he attempted to obtain an elevator key as a reasonable accommodation for his disability.  <u>See generally</u> (Doc. Nos. 1; 77-6.)  Although Plaintiff argues that Defendant knew about the elevator key incident prior to and during discovery, such that it was able to depose him on the issue, the Court concludes that the evidence is not linked to the claims raised in the complaint.  The evidence that Plaintiff asked for an elevator key as a reasonable accommodation, and that such a process was burdensome, would be relevant if Plaintiff asserted claims of failure to accommodate under the ADA.  That evidence could also have been relevant if Plaintiff had premised his ADA retaliation claim on the elevator key incident in addition to the allegation that Defendant retaliated against him for his complaint to the Office of Equity, Inclusion, and Compliance.  However, Plaintiff did not include those factual allegations in his complaint.  Rather, Plaintiff based his claims of retaliation on his complaint that he was discriminated against during Defendant's hiring process for the position of Director of the Pride Center.  (Doc. No. 1 ¶ 22.)  The other evidence Plaintiff mentioned in support of his claims of retaliation include student evaluations scores, his manager's responses to his initial complaint of discrimination, and Defendant's shifting reasons for his termination.  (<u>Id.</u> ¶¶ 24–27, 30–32, 34–37.)  The elevator key incident has no connection to any of Plaintiff's other allegations and claims.

Plaintiff did not seek a discretionary amendment pursuant to Rule 15 to include in his complaint the elevator key incident and/or a claim of failure to accommodate at any time during the approximately five (5) years this case has been pending before the Court.  In <u>Pharmacy Corp. of America/Askari Consolidated Litigation</u>, No. 16-cv-01123, 2020 WL 1955434 (D. Del. Apr. 23, 2020), the court granted motions in limine excluding evidence concerning factual allegations first raised in the plaintiff's pretrial orders because the factual issues lacked relevancy to "the

actual and disputed factual and legal issues as framed by the complaint." See Pharmacy Corp. of America/Askari Consolidated Litigation, No. 16-cv-01123, 2020 WL 1955434 (D. Del. Apr. 23, 2020) (hereinafter "Pharm. Corp. Consolidated") aff'd by Pharmacy Corp. of America v. Askari, No. 21-2800, 2022 WL 3697342, at *5–6 (3d Cir. Aug. 26, 2022) (unpublished) (hereinafter "Pharm. Corp. Appeal").  In an unpublished order, a panel of the Third Circuit affirmed the court's granting of the motions in limine, stating that the lower court was within its discretion to exclude the evidence even if the complaint passingly mentioned evidence in a block quote.  See Pharm. Corp. Appeal, 2022 WL 3697342, at *4.  The plaintiff in those cases recognized that he could amend his complaint to add the new theories and attempted to do so in a subsequent motion for reconsideration, but the district court denied that for failure to follow proper amendment procedure.  See Pharmacy Corp. of America/Askari Consolidated Litigation, No. 16-cv-01123, 2020 WL 3060366, at *2 (D. Del. June 9, 2020) (hereinafter "Pharm. Corp. Reconsideration").  A panel of the Third Circuit upheld that decision as well, noting that the court did not abuse its discretion because the plaintiff never filed a formal motion to amend and did not follow the other procedural requirements for a motion to amend but merely argued for leave to amend in his motion for reconsideration.  See Pharm. Corp. Appeal, 2022 WL 3697342, at *5.

The situation in the case supra is similar insofar as Plaintiff here asserted new factual allegations in a filing other than his complaint, never filed a motion to amend his complaint to add the claims and factual allegations, and Defendant now moves to exclude the evidence. Nowhere in Plaintiff's complaint does he mention a failure to accommodate claim or factual allegations of an elevator key incident.  See (Doc. No. 1).  As the court held in Pharm. Corp. Consolidated, so this Court also concludes that Plaintiff's allegations are not relevant to "the

actual and disputed factual and legal issues as framed by the complaint." <u>See Pharm. Corp.</u> <u>Consolidated</u>, 2020 WL 1955434, at *2. Additionally, to permit Plaintiff to assert new factual allegations and claims not alleged in the complaint would deprive Defendant of the opportunity to assert affirmative defenses. Therefore, even if those allegations were relevant to the actually disputed factual and legal issues as framed by the complaint, the Court further concludes that their probative value is outweighed by the prejudice to the Defendant. Accordingly, the Court will grant Defendant's Motion to Exclude Events and Claims Which Were Not Alleged in the Complaint in its entirety. Next, the Court considers whether the evidence of events and claims that Plaintiff has failed to administratively exhaust should be excluded from the trial.

### C. Defendant'sThird Motion to Exclude Evidence of Events and Claims Which Were Not Administratively Exhausted

Similar to Defendant's Motion to Exclude Evidence of Events and Claims Which Were Not Alleged in the Complaint, Defendant moves to exclude evidence of events and claims which were not administratively exhausted, specifically seeking to exclude evidence of the elevator key incident. (Doc. Nos. 76 at 1; 77 at 1.) As to Defendant's specific argument that Plaintiff has not administratively exhausted his claim relating to the elevator key incident, Defendant first asserts that Plaintiff administratively defaulted on any such claim. (Doc. No. 77 at 1.) According to Defendant, Plaintiff failed to mention the elevator key incident in his EEOC charge and, even if the elevator key incident would have been raised, it would not have been in the context of a retaliation claim. (<u>Id.</u> at 6.) Secondly, Defendant argues that the incident was not included in Plaintiff's complaint, which means that Plaintiff "cannot toll the statute of limitation for the 90-day right to sue." (<u>Id.</u> at 7.) Therefore, Defendant concludes that Plaintiff procedurally defaulted on any claims related to the elevator key incident and the evidence related to such a claim should be excluded from trial due to irrelevancy, unfair prejudice, confusing the issues, misleading the

jury, wasting time, and needlessly presenting cumulative evidence.  (<u>Id.</u>)  On the other hand, Plaintiff argues that his EEOC charge raised a claim of ADA retaliation which includes the elevator key incident.  (Doc. No. 79 at 3.)  Moreover, Plaintiff contends that claims are only dismissed for failure to exhaust when "the claim is of a different type or category [than] the claim that was filed," which is not the case here because the elevator key incident is related to the ADA retaliation claim he raised previously.  (<u>Id.</u> (citations omitted).)

Upon careful review of the briefs of the parties and the relevant authority, the Court concludes it need not reach the merits of Defendant's third motion in limine because, even if Plaintiff can prove that the elevator key incident or any other incident arose in the investigation of the EEOC, Plaintiff failed to include those allegations in his complaint.  The Court indicated that it will grant Defendant's Motion to Exclude Evidence of Events and Claims Which Were Not Alleged in the Complaint.  That evidence to be excluded encompasses both evidence of Plaintiff's elevator key incident and any additional evidence of events and claims not administratively exhausted because such evidence was not included in the complaint, which specifically details the events, circumstances, and claims that make up this action.  <u>See</u> (Doc. No. 1).  Therefore, Defendant's third motion in limine is moot after the granting of Defendant's second motion in limine.  Accordingly, the Court will deny Defendant's Motion to Exclude Evidence of Events and Claims Which Were Not Alleged in the Complaint as moot.

## III.    CONCLUSION

For all of the foregoing reasons, the Court will grant Plaintiff's consent motion in limine, and Defendant's first and second motions in limine.  The Court will deny Defendant's third motion in limine as moot.  An appropriate Order follows.